### JOHN L. BIGELOW agt. WILLIAM C. HEATON.* [*207]

A circuit judge cannot strike a cause from the calendar, and render judgment pursuant to the 51st rule of this court. (*See also rule* 79.) But a circuit judge has a right to revoke his own order staying proceedings. Where a circuit judge granted an order to defendant staying proceedings until a bill of exceptions was decided, and subsequently, on cause shown by plaintiff, revoked the order before the bill was served; *held*, that he had a right to revoke such order.

As to the question what papers ought to be served on bringing an appeal from an order of a circuit judge, see the proceding case of *Chauncey* agt. *Baldwin and Wadsworth*.

*September Term*, 1846.

AN appeal by defendant from an order of the circuit judge of the first circuit, vacating an order staying proceedings made at chambers.

It appeared from plaintiff's papers before the circuit judge, that this was an action of replevin. Venue laid in the first circuit. The cause was tried on the 9th of October last, and a verdict rendered for plaintiff; bill of exceptions was served by defendant on the first of January last. On the 7th of Jan-

uary plaintiff served amendments. On the 29th of January the parties appeared before the circuit judge for the purpose of settling the bill. Plaintiff alleged that the bill of exceptions was settled or approved and ready for signature by the circuit judge, for more than three months previous to the 23d of May last. On the 23d of May plaintiff's attorney served a notice of argument of the bill of exceptions for the 1st Saturday of June, before the circuit judge, and had not then been served with a copy of the bill. Plaintiff's attorney stated that he was informed and believed that the bill had never been presented to the circuit judge for settlement. The order of the defendant for time to make a bill of exceptions was accompanied by an order staying proceedings, which was then in force. Plaintiff's attorney stated that the defendant was a person of little or no property, and the delay of the defendant would seriously endanger the probability of securing or collecting the judgment, unless he was allowed to enter up judgment for the plaintiff according to the verdict.

From the papers on the part of the defendant, it was stated by defendant that he was not in failing circumstances, and was in as good pecuniary circumstances as when the verdict was rendered, and the delay which would be occasioned by the argument of the cause before the circuit judge would not at all endanger the probability of securing the payment of all the costs that might be awarded to the plaintiff. The only claim of the plaintiff was on the flour in question, was about $281, and the value of property taken by virtue of the writ of replevin was about $477.

[*208] *Defendant's attorney stated that the property, consisting of seventy-five barrels of flour, had been replevied and delivered to the plaintiff, the value of which was proved on the trial, at $477.75. The cause had been tried three times; on the first trial plaintiff was nonsuited, on the second a verdict was found for the defendant. On or about the last week of February last, defendant's attorney received the bill of exceptions and the amendments from the circuit judge, and began to prepare the bill for signature, according

to the amendments as settled by the circuit judge. On the 13th of March last he received a notice from plaintiff's attorney that plaintiff's attorney would present the amendments to the circuit judge on the 14th of March at 10 o'clock, A. M., for settlement and review. On the 14th of March defendant's attorney, by direction of the circuit judge, returned to the judge the bill and amendments as settled, and within a day or two thereafter was informed by the judge that he would write out his charge, to be inserted in the bill. On the 1st day of June last defendant's attorney received from the circuit judge the bill of exceptions and amendments, with the judge's charge as written out. Defendant's attorney was not aware that the bill and amendments were ready for delivery, until the 30th of May last; previous to the 1st day of June defendant's attorney had the bill of exceptions prepared for signature, with the exception of the judge's charge, and also of the incorporation of one or two items of documentary evidence, which were introduced on the last trial as evidence by the plaintiff; the bill of lading of the flour in question was offered in evidence on the last trial on the part of the plaintiff, and was required to be inserted in the bill; this bill of lading remained in the hands of the plaintiff's attorney. After the order, to show cause why the order staying proceedings should not be vacated, was served on defendant's attorney, he had sent a written request to plaintiff's, attorney to furnish defendant's attorney with the papers offered in evidence by the plaintiff, and required to be inserted in the bill of exceptions, but plaintiff's attorney had not served them, and defendant's attorney could not finish the bill without such papers.

Defendant's attorney, in an affidavit made for the motion on the appeal, stated that, in consequence of the order vacating the order staying proceedings, judgment had been entered in the cause. The bill of exceptions with the amendments were then (4th September) in possession of the circuit judge, and had been in his possession since the 4th or 5th of June last; and the engrossed bill ready for signature was left with the judge at that *time. Defendant's attorney    [*209]

had frequently, since judgment was entered, requested the bill to be delivered to him, to enable him to proceed with the cause, but had not been able to procure them.

> G. R. J. BOWDOIN, *defendant's counsel.*
> GEO. W. NILES, *defendant's attorney.*
> R. L. JOICE, *plaintiff's counsel.*
> O. H. PLATT, *plaintiff's attorney.*

Defendant's counsel insisted that after a circuit judge had granted a stay of proceedings on a bill of exceptions, until the same was argued, and decided, he had not the power to revoke that order, because the bill of exceptions had not been served after it was settled. The application should have been made at a special term, in analogy with the practice when the cause is on the general calendar. The same question raised in this case as in the next preceding, as to the service of papers on bringing an appeal from an order of a circuit judge. No papers, except the notice of appeal, were served in this case.

BRONSON, Chief Justice. Although the circuit judge cannot strike a cause from the calendar, and render judgment pursuant to the 51st rule of the court (see also rule 79), still he clearly has a right to revoke his own order to stay proceedings; and that is all that was done in this case. For what reason the order was revoked does not appear, and the bill of exceptions is not before us. We cannot see, therefore, that any wrong has been done. Motion denied, with $7 costs. It is, of course, unnecessary to notice the preliminary objection, that no papers were served.